462 P.2d 154

**BANK OF COMMERCE, a Utah banking corporation, Plaintiff and Respondent,**

v.

**F. Leland SEELY and Grace T. Seely, his wife, Defendants and Appellants.**

No. 11665.

Supreme Court of Utah.

Dec. 2, 1969.

Gerald L. Turner, of Turner & Fairbourn, Salt Lake City, for appellants.

Ezra T. Clark, Jr., Rendell N. Mabey, of Mabey, Bradford & Marsden, Salt Lake City, for respondent.

ELLETT, Justice.

F. Leland Seely appeals from a summary judgment rendered against him on a note which he and his wife signed on June 6, 1968. The facts as he claims them to be are as follows:

His son and one Jamieson, who was at the time an officer and director of the plaintiff bank, were jointly engaged in various business transactions. Jamieson needed money, but because of his connection with the plaintiff he could not borrow from it. He explained that if he could get a third party to sign a note, it would be his own loan and the bank would advance the money. He told F. Leland Seely and Seely's son that it was accepted practice to set up a loan in the name of a third party but that he, Jamieson, would pay the loan when due.[1]

With this understanding the appellant signed a note for $25,000 on May 10, 1965. When it fell due, his son, at the instruction of Jamieson, delivered $5,000 to the plaintiff bank for and on behalf of Jamieson and took a renewal note in the amount of $20,000 to his father, who signed it. Several other renewal notes were signed by appellant, the last two being signed by the appellant and his wife. It is the last note which is the subject of this action.

The appellant claims lack of consideration as his defense and says that he is simply an accommodation maker and, therefore, is not liable to the bank as payee.

The plaintiff contends that it is entitled to recover on the note sued upon because it was given as a renewal note extending the time of payment and on a promise by the bank not to sue on the prior notes.

The law is stated as follows:

A bill or note given in exchange for a similar instrument or some other evidence of indebtedness is supported by a sufficient consideration, unless the paper exchanged is for some reason void or illegal.[2]

It is a general rule that in the absence of waiver or estoppel the taint of illegality of consideration for a bill or note is not removed by renewal, and such illegality operates against the renewal and

---

1. Section 7-3-24, U.C.A.1953, although it has since been amended, provided at the time of this transaction as follows:
    * * * No bank shall loan any of its funds to any officer or director unless he furnishes security in at least double the amount of the loan made and such loan shall first have been approved by a two-thirds vote of its board of directors at a meeting thereof, in which vote the borrowing officer or director shall not participate, and a rec-

ord of the approval of such loan shall be made in the minutes of the bank. The office of any officer who shall act in contravention of the provisions of this section shall thereupon become vacant and the bank commissioner shall take charge of the bank, and any loan such officer shall have made in contravention hereof shall become immediately due and payable.

2. 10 C.J.S. Bills and Notes § 149.

any number of renewals, however remote, although made in compromise or, it has been held, in settlement of a judgment on it, as fully as against the original paper. * * *[3]

 An extension of time to pay or a promise not to sue for a specified time is a consideration which will support a promise to pay where the promisee in good faith believes he has a good cause of action. See Corbin on Contracts, §§ 139, 140.

 We, therefore, must look to see whether the bank had a valid cause of action on the original note or if it did not so have, whether it had some reasonable grounds for believing it did.

To begin with, the contention that the note was signed as an accommodation for the bank is not valid. True it is that under the facts as claimed by the appellant he was an accommodation maker, nevertheless the object of his accommodation was Jamieson and not the bank. As between the appellant and the bank, he is the maker of the note, and the fact that the proceeds of the loan went to another is immaterial.[4]

Commercial banks are custodians of funds entrusted to their care, and they are charged with a high degree of legal and moral duty to maintain those funds intact. One who aids an officer and director of a bank to violate the law and betray his

trust, as was done in this case, is in no position to assert lack of consideration when the bank sues to recover on the note which was knowingly given in order to induce the bank to part with $25,000 in cash.

Summary judgment was properly entered in this case, and the judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

CALLISTER, J., concurs in the result.

---

3. 11 Am.Jur.2d, Bills and Notes § 260.

4. 10 C.J.S. Bills and Notes § 148 b.